In the Matter of JULIUS JACKEL et al., Petitioners, *v.* ALBERT S. PACETTA, as Commissioner of the Department of Markets of the City of New York, Respondent.

Supreme Court, Special Term, New York County, April 19, 1962.

*Samuel Morganroth* and *Sidney M. Feitelberg* for petitioners. *Mannes, Sturim & Laufer* (*Arthur M. Laufer* and *Samuel S. Sturim* of counsel), for New York State Food Merchants Association, *amicus curiæ*. *Hirson & Bertini* (*Max M. Hirson* and *Alan D. Eisenberg* of counsel), for Gristede Bros., Inc., *amicus curiæ*. *Leo A. Larkin, Corporation Counsel* (*Rose Schneph* and *James J. Hurley* of counsel), for respondent.

SAMUEL M. GOLD, J. In the court's opinion, the Commissioner's power under the Charter to " enforce all laws in relation to weights and measures " (New York City Charter, § 833 [1938]) is broad enough to authorize him to adopt the regulation requiring the grinding of meat in a place open to the public view, in order to prevent violation of section 833–16.0 of the Administrative Code which forbids the sale of articles at less than their true weight. The claim that a danger to public health would result from enforcement of the regulation is not established. It is to be noted that there is no showing that the refrigerators in which the grinders are located may not be moved to locations where grinding may be observed through a door of the refrigerator left open for the period of the grinding, or through a glass panel, or that customers cannot be admitted to the area where the refrigerators are located so that they may similarly watch the grinding through an open door or glass panel. Nor is there a showing that leaving the door of the refrigerator open for the period of each grinding would constitute a health hazard. There is, accordingly, insufficient matter alleged to establish even prima facie that the regulation is arbitrary or capricious. The mere fact that the butchers, or some of them, may be required to undergo some expense in arranging to permit their customers to observe the grinding, is insufficient to establish that the regulation is arbitrary. The claim that the Commissioner has refused to permit glass panels relates to something not contained in the regulation which is sought to be annulled in this proceeding. No relief is sought as to the alleged refusal of the Commissioner to permit glass panels.

In view of the conclusion reached, the relief sought in the petition is denied and the cross motion to dismiss granted.